**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO:  19-51560 P** |
| **Cynthia Teresa Puente** | § | |
| | § | **Chapter 13** |
| | § | |
| **Debtor** | § | **Honorable Michael M. Parker** |

**TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE FOR FAILURE TO TURNOVER TAX RETURN AND/OR REFUND WITH NOTICE AND OPPORTUNITY TO OBJECT**

AN ORDER WILL BE ENTERED GRANTING THE RELIEF REQUESTED WITHOUT FURTHER HEARING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK WITHIN TWENTY ONE (21) DAYS OF THE DATE OF ISSUANCE OF THIS NOTICE. ANY SUCH OBJECTION MUST ALSO BE SERVED UPON THE MOVING PARTY AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING. IF AN OBJECTION IS FILED A HEARING WILL BE HELD AT COURTROOM #1, U. S. POST OFFICE BUILDING, 615 E. HOUSTON STREET, SAN ANTONIO, TEXAS,  ON AUGUST 08, 2024 AT 1:30 P.M.

**NOW COMES** Mary K. Viegelahn, Chapter 13 Trustee, in the above captioned case and files this Motion to Dismiss Chapter 13 Case for Failure to Turnover Tax Return and/or Refund for the following reason:

Pursuant to Paragraph 4.2  of the confirmed Plan, the Debtor shall provide a copy of the annual post -petition Income Tax Return to the Trustee if requested to do or if required to do so pursuant to the Standing Order for Chapter 13 Administration for the division in which the case is pending. The Trustee requested a copy of the 2023 Federal Income Tax Return pursuant to a letter dated January 09, 2024. To date, the Return has not been provided.

Pursuant to Paragraph 4.1 of the Plan, to the extent the Debtor received a refund in excess of $2,000.00, this amount shall be turned over to the Trustee as additional disposable income and such amount shall increase the base amount of the Plan. In addition, to the extent the Debtor is delinquent as to Plan payments, the Debtor must turnover up to $2,000.00 of the amount retained to cure the default.

By failing to turn over the income tax return and/or refund, the Debtor has materially defaulted with respect to the terms of the confirmed Plan and, furthermore, hindered the Trustee's ability to administer the bankruptcy estate and is considered unreasonable delay by the debtor that is prejudicial to creditors. Such conduct clearly constitutes grounds for dismissing this case under 11 U.S.C. §1307(c)(1) and (c)(6).

The Trustee requests that in the event a hearing is held that the Court holds that any funds held by the Trustee at the time of dismissal shall not re-vest in the Debtor pursuant to 11 U.S.C. §349(b)(3), and that such funds be disbursed by the Trustee to creditors pursuant to the plan as confirmed or modified and pursuant to 11  U.S.C. §1326(a)(2).

**WHEREFORE, PREMISES CONSIDERED**, the Trustee request that this Court dismiss this case in accordance with 11 U.S.C. §1307 (c)(1) and (c)(6), discharge the Trustee from her trust and sureties in connection with this case, and for such other relief as this Court may deem proper.

Dated:  **May 28, 2024**

*/S/  Mary K. Viegelahn*
_____

**MARY K. VIEGELAHN  P42327 (MI)**
**CHAPTER 13 TRUSTEE**
**mviegelahn@sach13.com**
**10500 Heritage Blvd, Ste. 201**
**San Antonio, TX.  78216**
**(210) 824-1460**